**RESERVE SOLUTIONS, INC., Plaintiff,**

v.

**Mark VERNAGLIA, Defendant.**

**No. 05 CIV. 8622.**

United States District Court, S.D. New York.

Aug. 11, 2006.

Melvin Arnold Brosterman, Meredith Lee Strauss, Stroock & Stroock & Lavan LLP, New York City, for Plaintiff.

Brian David Spector, Spector & Ehrenworth, P.C., Florham Park, NJ, for Defendant.

## DECISION AND ORDER

MARRERO, District Judge.

By Order dated June 26, 2006, Magistrate Judge Ronald L. Ellis, to whom this matter had been referred for pretrial supervision, issued an Opinion and Order (the "Order") *, a copy of which is attached and incorporated herein, denying reconsideration of a ruling granting a motion of defendant Mark Vernaglia ("Vernaglia") to quash certain subpoenas issued by plaintiff Reserve Solutions, Inc. ("Reserve") on American Express Company. Magistrate Judge Ellis had found that the subpoenas, which sought records of Vernaglia's American Express credit card accounts, were overbroad. Reserve filed a motion pursuant to Fed.R.Civ.P. 72 requesting this Court to: review and set aside the Order; permit the issuance of the subpoenas on American Express and other third parties without prior approval of Magistrate Judge Ellis; grant a protective order striking Vernaglia's discovery requests; and assign supervision of this case to another Magistrate Judge. Vernaglia filed a timely response in support of the Order. For the reasons stated below the Court denies the motion.

## I. STANDARD OF REVIEW

A district court evaluating a Magistrate Judge's order with respect to a matter not dispositive of a claim or defense may adopt

* [Editors Note: The June 26, 2006 Opinion and Order can be found at 2006 WL 1788299.]

the Magistrate Judge's findings and conclusions as long as the factual and legal bases supporting the ruling are not clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1)(A); Fed.R.Civ.P. 72(a); *Thomas v. Arn,* 474 U.S. 140, 149, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985). A district judge, after considering any objections by the parties, may accept, set aside, or modify, in whole or in part, the findings and determinations of the Magistrate Judge with regard to such matters. *See* Rule 72(a).

## II. *DISCUSSION*

The facts relevant to this motion are set forth in the Order and are thus incorporated herein by reference. Having conducted a review of the record in connection with the instant motion, including, among other things, the parties' respective submissions as well as the Order and applicable legal authorities, the Court concludes as follows:

1. Reserve is entitled to obtain discovery from Vernaglia and American Express with regard to credit card billing statements and other documents relating to Vernaglia's accounts and finances to the extent Reserve represents that the records requested pertain to items relevant to the claims at issue in this action. As to such documents Vernaglia's privacy interests do not outweigh his obligation to provide or permit discovery of relevant financial information. Accordingly, Reserve may obtain from Vernaglia and American Express all relevant and responsive documents within reasonable limits defined by Magistrate Judge Ellis in the event of further dispute between the parties. Should such disputes arise as to particular items, the records shall be produced for in camera inspection by Magistrate Judge Ellis and determination as to relevance and discovery as appropriate.

2. The subpoena Reserve originally issued to American Express was overbroad insofar as it was not sufficiently limited as to time and content to records relevant to this litigation.

3. It was not clearly erroneous or contrary to law for Magistrate judge Ellis to quash the subpoena, or to place conditions on Reserve's issuance of additional non-party subpoena's, insofar as Magistrate Judge Ellis found that the subsequent subpoena Reserve issued to American Express did not adequately comply with the limitations placed on Reserve by Magistrate Judge Ellis's previous ruling.

4. It is not clear to what extent the parties addressed and Magistrate Judge Ellis considered and expressly ruled on Reserve's detailed item-by-item objections to Vernaglia's interrogatories, pursuant to Local Rule 33.3(a), that Reserve raises in the instant motion. The Court notes, however, that by its terms Local Rule 33.3 permits enlargement of the scope of interrogatories "if ordered by the Court." Any uncertainty regarding the scope of Magistrate Judge Ellis's ruling in this regard, or specific objections to particular items, should be addressed to Magistrate Judge Ellis in the first instance.

5. If any protective order is necessary to ensure the confidentiality of any records or otherwise guard privacy interests, or to preclude inappropriate discovery, the parties should propose an order or agreement for review and approval by Magistrate Judge Ellis.

6. There is insufficient basis to reassign this case to another Magistrate Judge.

## III. *ORDER*

For the reasons stated above, it is hereby

**ORDERED** that the motion (Docket No. 37) of plaintiff Reserve Solutions in for an order to set aside the order (Docket No. 32) of Magistrate Judge Ronald L. Ellis is DENIED.

**SO ORDERED.**